**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10322 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00184-NVW-1 |
| v. | |
| GORDON LEROY HALL, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted February 16, 2017
San Francisco, California

Before:  W. FLETCHER, FUENTES,[**] and RAWLINSON, Circuit Judges.

Gordon Hall appeals his conviction for making or passing false or fictitious

instruments under 18 U.S.C. § 514.  Hall raises three issues on appeal, one

challenging the sufficiency of evidence, another alleging error in failing to order a

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Julio M. Fuentes, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

competency hearing, and a third challenging several conditions of supervised release. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We vacate Hall's sentence and remand for clarification of two conditions of supervised release. We otherwise affirm.

## 1. Sufficiency of Evidence

Hall argues that the government lacked sufficient evidence to convict because the "money orders" at issue in this case were not false or fictitious instruments, did not purport to be issued under United States authority, and were not made or passed with an intent to defraud.

Hall's "money orders" were false or fictitious instruments within the meaning of § 514(a). In *United States v. Howick*, we defined a "'fictitious' obligation [as] a bogus document contrived to appear to be a financial instrument, where there is in fact no such genuine instrument." 263 F.3d 1056, 1067 (9th Cir. 2001). Because there is no such thing as a money order that promises payment from a United States Treasury account, Hall's "money orders" are "bogus" instruments of which there is, and cannot be, any "genuine" version. *See id.*

Hall argues that his "money orders" did not purport to have been issued under United States authority. But by listing the Treasury Department as the

2

drawee, Hall's note purportedly directed the Treasury Department to pay the presenter of the instrument from one of its accounts. "Thus construing the evidence, a rational jury could find beyond a reasonable doubt that the notes were issued under the authority of the United States." *United States v. Murphy*, 824 F.3d 1197, 1204 (9th Cir. 2016).

Hall further argues that he could not have evinced the requisite intent to defraud. The facts support a finding otherwise. Hall mailed his "money orders" only after asking his IRS agent for the specific amounts owed. He then sent two "money orders" in those precise amounts, along with 1040-V forms, which are payment vouchers identifying the taxpayer and tax period to which the payments were to be applied. According to expert witness William Kerr, Hall's "money orders" contained high-quality security features made to resemble actual money orders. Under these circumstances, a rational jury could have inferred an intent to defraud.

## 2. Competency Hearing

Hall's in-court statements and written submissions were at times inconsistent with obvious facts. But because his "comments and conduct were indicative of a [sovereign citizen belief system], not a lack of competence[,] [he] cannot now use

those beliefs as an expression of incompetency." *United States v. Neal*, 776 F.3d 645, 657 (9th Cir. 2015). "In the absence of any mental illness or uncontrollable behavior, [defendant] had the right to present [his] unorthodox defenses and argue [his] theories to the bitter end." *Id.* (alterations in original) (quoting *United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010)).

### 3. Supervised Release Conditions

We ordinarily review supervised release conditions for abuse of discretion. *United States v. Stoterau*, 524 F.3d 988, 1002 (9th Cir. 2008). Where, as here, the defendant did not object to sentencing error in the district court, we review for plain error. *United States v. Tapia*, 665 F.3d 1059, 1061 (9th Cir. 2011). Under this standard, Hall must show that there was error that is clear or obvious, affects substantial rights, and seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Puckett v. United States*, 556 U.S. 129, 135 (2009).

Hall challenges four conditions on appeal. We find no plain error in the district court's imposition of Standard Condition 5 (meet family obligations) or Standard Condition 6 (regular employment). We do find plain error with respect to Standard Condition 11 and Special Condition 3. Condition 11 prohibits Hall from "associat[ing] with . . . any person convicted of a felony unless granted permission to do so by the probation officer." Because Hall's children are felons, Condition

4

11's broad language implicated a "particularly significant liberty interest"—"the fundamental right to familial association." *United States v. Wolf Child*, 699 F.3d 1082, 1087 (9th Cir. 2012). Accordingly, the district court was required to "follow an enhanced procedural requirement to make special findings on the record supported by evidence in the record, that the condition is necessary for deterrence, protection of the public, or rehabilitation, and that it involves no greater deprivation of liberty than reasonably necessary." *Id.* Almost certainly because the court's attention was not drawn to this condition and to the fact that Hall's children were felons, the district court did not make such findings. We remand for the district court to reenter judgment without this condition or to hold a resentencing at which the court may reimpose this condition, in full or in part, with appropriate findings.

Special Condition 3 prohibits Hall from "making major purchases, incurring new financial obligations, or entering into any financial contracts without the prior approval of the probation officer." Again, the district court's attention was not drawn to this condition. Because the condition is not clear as to which transactions would be subject to its prohibition, the condition is impermissibly vague. *See United States v. Guagliardo*, 278 F.3d 868, 872 (9th Cir. 2002). We therefore vacate and remand for the district court to reenter judgment without this condition

or to hold a resentencing at which the court may reimpose the condition with a more specific description of covered purchases.

**AFFIRMED in part; VACATED in part; and REMANDED.**