**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | No. 17-10422 |
| v. | D.C. No. 2:14-cr-00184-NVW-1 |
| GORDON LEROY HALL, *Defendant-Appellant*. | OPINION |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted December 19, 2018
San Francisco, California

Filed January 11, 2019

Before: Ronald M. Gould and Marsha S. Berzon, Circuit
Judges, and Frederic Block,* District Judge.

Per Curiam Opinion

---

*The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

## SUMMARY[**]

### Criminal Law

The panel reversed in part a criminal judgment in a case in which the defendant appealed a special condition of supervised release that provides that the defendant is permitted to have contact with his son "only for normal familial relations but is prohibited from any contact, discussion, or communication concerning financial or investment matters except matters limited to defendant's own support."

The panel held that the condition is unconstitutionally vague, and struck the offending words "only for normal familial relations" from the condition.

## COUNSEL

Elisse Larouche (argued) and Daniel L. Kaplan, Assistant Federal Public Defenders; Jon M. Sands, Federal Public Defender; Office of the Federal Public Defender, Phoenix, Arizona; for Defendant-Appellant.

Lisa E. Jennis (argued), Assistant United States Attorney; Krissa M. Lanham, Deputy Appellate Chief; Elizabeth Strange, First Assistant United States Attorney; United States Attorney's Office, Phoenix, Arizona; for Plaintiff-Appellee.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

PER CURIAM:

Gordon Hall ("Hall") and his son Benton ("Benton") were both sentenced to prison for their business venture helping others defraud the government through false money orders. The two were already incarcerated for a separate joint criminal enterprise. For the second time, Hall, who is still in prison, appeals a special condition of his anticipated release restricting his relationship with his family.[1] Special Condition 11 provides that Hall "is permitted to have contact with Benton [] only for normal familial relations but is prohibited from any contact, discussion, or communication concerning financial or investment matters except matters limited to defendant's own support." Hall objected at sentencing that the condition is unconstitutionally vague. We agree, and strike the offending words "only for normal familial relations" from the condition.

A supervised release condition "violates due process of law if it either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." *United States v. Soltero*, 510 F.3d 858, 866 (9th Cir. 2007) (per curiam) (citations and quotation marks omitted); *see also United States v. Aquino*, 794 F.3d 1033, 1037 (9th Cir.

---

[1] In an earlier memorandum disposition, this court considered another version of this condition, which, without exception for relatives, prohibited Hall from "associat[ing] with . . . any person convicted of a felony unless granted permission to do so by the probation officer." *United States v. Hall*, 681 F. App'x 621, 623–24 (9th Cir. 2017). Because the trial court had imposed that condition without justifying or limiting the restriction on Hall's right to associate with his children, who had been convicted of felonies, we vacated and remanded. *Id.*

2015). The government cannot save an otherwise impermissible condition by "promising to enforce it in a narrow manner." *Id.* at 1037 (alterations omitted) (quoting *Soltero*, 510 F.3d at 867 n.10). Although usually this court "give[s] considerable deference to a district court's determination of the appropriate supervised release conditions," *United States v. Weber*, 451 F.3d 552, 557 (9th Cir. 2006), it "review[s] carefully" conditions that implicate the "fundamental liberty interest in having contact with one's children," *United States v. Wolf Child*, 699 F.3d 1082, 1089, 1091 (9th Cir. 2012), or the defendant's First Amendment rights, *cf. Cal. Teachers Ass'n v. State Bd. of Educ.*, 271 F.3d 1141, 1150 (9th Cir. 2001).

The phrase "normal familial relations" is susceptible to many different interpretations, and so raises questions with no clear answers. Must relations be "normal" for that particular family, or "normal" for families in general? If the latter, as the government contended at oral argument, how is a defendant to know what a "normal" family is and does, in light of the tremendous diversity of family structures and family habits, customs, and activities in this country? *Cf. Johnson v. United States*, 135 S. Ct. 2551, 2557–58 (2015) (identifying the unconstitutional ambiguities of the Armed Career Criminal Act residual clause).

Further, unconventional political activities or religious traditions in which a family might collectively engage may not be "normal" for families in general, but they are, with narrow exceptions, constitutionally protected. *See, e.g.*, *Employment Div., Dep't of Human Res. of Oregon v. Smith*, 494 U.S. 872, 876–78 (1990); *Wisconsin v. Yoder*, 406 U.S. 205, 234 (1972). Whether or not such an interpretation of the condition by a probation officer or judge is likely, "[u]ncertain meanings inevitably lead citizens to steer far

wider of the unlawful zone than if the boundaries of the forbidden areas were clearly marked." *Cal. Teachers Ass'n*, 271 F.3d at 1150 (quotation marks and citations omitted).

If the district court meant only to prohibit Hall and Benton from participating in illegal activities together, it could have said exactly that and no more, as defense counsel suggested at the resentencing hearing. Notably, Hall is generally prohibited from engaging in illegal activities by his first condition of supervised release.

**REVERSED in part.**