**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>JOHN KENNETH SCHIEFER,<br><br>Defendant-Appellant.</td><td>No.   17-50439<br><br>D.C. No.<br>2:07-cr-01240-ODW-1<br><br>MEMORANDUM[*]</td></tr>
</table>

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted September 12, 2019[**]
Pasadena, California

Before:  RAWLINSON, IKUTA, and BENNETT, Circuit Judges.

John Kenneth Schiefer appeals from a judgment and commitment order

following revocation of his supervised release.  We have jurisdiction under 18

U.S.C. § 3742 and 28 U.S.C. § 1291.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

The district court did not plainly err when it imposed a supervised-release condition that permits searches by law enforcement based on "reasonable suspicion if such suspicion exists in the minds of law enforcement concerning a violation of a condition of supervision or any other unlawful conduct," because the phrase "reasonable suspicion" requires that officers have an *objectively* reasonable suspicion before conducting a search, *see Ornelas v. United States*, 517 U.S. 690, 696 (1996); *United States v. Magallon-Lopez*, 817 F.3d 671, 675 (9th Cir. 2016). Moreover, there is no clear or controlling authority ruling that a court may not impose such a supervised-release condition; to the contrary, a court may impose a *suspicionless* search condition for the "person and property" of federal felons on supervised release, *United States v. Betts*, 511 F.3d 872, 876 (9th Cir. 2007).

The district court did not plainly procedurally err in applying the sentencing factors in 18 U.S.C. § 3583(e), because its decision was based on permissible considerations, including that Schiefer:  (i) "pose[d] a danger to the community," *see* § 3583(e); § 3553(a)(2)(C), (ii) appeared to have "no intention of curbing his conduct," *see* § 3583(e); § 3553(a)(2)(B), and (iii) had "breached every single condition [of supervised release] that has been imposed [by the court]," *see United States v. Simtob*, 485 F.3d 1058, 1062 (9th Cir. 2007) (providing that district court may sanction violator for "breach of trust").  Further, the district court expressly

2

adopted the government's arguments for imposing an above-guideline sentence, which were based on permissible considerations, and explained that the sentence was "sufficient, but not greater than necessary, to comply with the purposes set forth in [§] 3553(a) as limited by [§] 3583(e)."  Read in context, the district court's comment that Schiefer had "no respect for the law" merely explained why Schiefer posed a danger to the community and why the sentence was needed to deter future misconduct; it does not indicate that the district court imposed the sentence "primarily . . . to promote respect for the law."  *United States v. Miqbel*, 444 F.3d 1173, 1180 (9th Cir. 2006).

The parties agree that three of the standard supervised-release conditions and one of the special conditions imposed on Schiefer are unconstitutionally vague in light of *United States v. Evans*, 883 F.3d 1154, 1162–64 (9th Cir. 2018).  In the interest of justice and the expedient use of judicial resources, we modify those conditions as follows:

- Condition 5:  strike "and meet other family responsibilities."

- Condition 6:  strike "regularly."

- Condition 14:  strike "third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics"

3

and replace that language with "specific persons of specific risks posed by defendant's criminal record."

- Special Condition 14: strike "third parties, including employers, of risks that may be occasioned by defendant's criminal record or personal history or characteristics" and replace that language with "specific persons of specific risks posed by defendant's criminal record."

*See United States v. Hall*, 912 F.3d 1224, 1226–27 (9th Cir. 2019) (per curiam).

**AFFIRMED as MODIFIED**.