**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

### FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  19-50213 |
| Plaintiff-Appellee, | D.C. No.<br>06-CR-1243-007-DMS |
| v. | |
| ALEX GOMEZ, | MEMORANDUM[*] |
| Defendant-Appellant, | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted May 5, 2020[**]
Pasadena, California

Before: GOULD and CHRISTEN, Circuit Judges, and HELLERSTEIN,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Alvin K. Hellerstein, United States District Judge for the Southern District of New York, sitting by designation.

Defendant-Appellant Alex Gomez was sentenced to a term of imprisonment and supervised release in 2008. While serving the term of supervised release, he was arrested in connection with a domestic violence incident. The district court found him guilty of a violation of supervised release, revoked his supervised release, and imposed a sentence of twelve months and one day in prison followed by two years of supervised release. On appeal, Gomez challenges certain conditions of his new term of supervised release. We have jurisdiction under 28 U.S.C. § 1291.

During the oral pronouncement of sentence, the district court stated that it was imposing "all of the same terms and conditions" from Gomez's prior term of supervised release. In the written judgment that followed, two conditions had additional material terms. A condition prohibiting Gomez from going to Mexico had the added requirement that he "comply with both United States and Mexican immigration law requirements." A condition regarding mental health treatment had an added requirement that Gomez "[a]llow for reciprocal release of information between the probation officer and the treatment provider."

"The actual imposition of a sentence occurs at the oral sentencing, not when the written judgment later issues. Thus, it has long been the rule that, when an oral sentence is unambiguous, it controls over a written sentence that differs from it."

2

*United States v. Napier*, 463 F.3d 1040, 1042 (9th Cir. 2006). We review this question *de novo*. *Id.* As the Government concedes, the written judgment conflicted with the oral sentence because instead of including "all of the same terms and conditions" as those in the 2008 judgment, it added terms to two conditions. Therefore, we strike the terms requiring that Gomez "comply with both United States and Mexican immigration law requirements" and "[a]llow for reciprocal release of information between the probation officer and the treatment provider." *See United States v. Hall*, 912 F.3d 1224, 1226 (9th Cir. 2019) (per curiam) (striking improper term from condition of supervised release).

At the sentencing, the district court announced that it was imposing two completely new conditions that had been recommended in a petition by Gomez's probation officer. Defense counsel failed to object. Gomez challenges as unconstitutionally vague the portion of one condition requiring that he "not be present in (or frequent) places where alcohol is the main item of sale." "A condition of supervised release violates due process 'if it either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application.'" *United States v. Evans*, 883 F.3d 1154, 1160 (9th Cir. 2018) (quoting *United States v. Hugs*, 384 F.3d 762, 768 (9th Cir. 2004)). Because the defense failed to object to this

3

condition at sentencing, we review for plain error. *United States v. Rodriguez-Rodriguez*, 441 F.3d 767, 772 (9th Cir. 2006). "Plain error is '(1) error, (2) that is plain, and (3) that affects substantial rights.'" *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (quoting *United States v. Cotton*, 535 U.S. 625, 631 (2002)). If these conditions are met, we may correct "a forfeited error that (4) 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (quoting *Cotton*, 535 U.S. at 631).

The district court did not commit plain error in imposing the condition prohibiting Gomez from "be[ing] present in (or frequent[ing]) places where alcohol is the main item of sale." The condition does suffer from potential ambiguity or issues with enforcement. For example, it may be difficult to determine whether alcohol is the "main item of sale" at a restaurant with a substantial menu of both food and alcohol. Nonetheless, we cannot say that imposition of the condition constitutes plain error. No controlling precedent establishes that the condition, which multiple district courts have imposed over the years, is unconstitutionally vague. *See United States v. McIntee*, 742 F. App'x 198, 200 (9th Cir. 2018) (deciding challenge to a different portion of a condition that also prohibited "enter[ing] establishments where alcohol is the primary item of sale"). The purported vagueness is not "so clear-cut, so obvious, a competent

4

district judge should be able to avoid it without benefit of objection." *United States v. Matus-Zayas*, 655 F.3d 1092, 1098 (9th Cir. 2011) (quoting *United States v. Zalapa*, 509 F.3d 1060, 1064 (9th Cir. 2007)).

**AFFIRMED in part and REVERSED in part.** The parties shall bear their own costs.