**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10296 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-08173-SMB-1 |
| v. | |
| BRETT ALLYN BEGAY, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Susan Brnovich, District Judge, Presiding

Argued and Submitted December 11, 2020
San Francisco, California

Before: W. FLETCHER, IKUTA, and VANDYKE, Circuit Judges.
Special concurrence by Judge IKUTA; Concurrence by Judge VANDYKE

Brett Allyn Begay challenges his sentence for abusive sexual contact of a

child on an Indian reservation, in violation of 18 U.S.C. §§ 1153, 2244(a)(5), and

2246. Though Begay waived his right to appeal in his plea agreement, we have

jurisdiction to hear constitutional challenges to the sentence. *See United States v.*

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

*Bibler*, 495 F.3d 621, 624 (9th Cir. 2007). Begay challenges as unconstitutional three special conditions attached to his supervised release. We affirm.

1. Special Conditions 11 and 12: We review these conditions de novo because Begay objected to them at sentencing. *United States v. Aquino*, 794 F.3d 1033, 1036 (9th Cir. 2015). Begay argues that they unconstitutionally infringe his protected liberty interests, violate his rights to travel and associate, and are vague and overbroad. We hold that these conditions are constitutional.

In limiting Begay's contact with children, including his own if and when he has them, special condition 11 closely resembles other conditions imposed on those who commit sex crimes against children. *See, e.g.*, *United States v. Bee*, 162 F.3d 1232, 1235–36 (9th Cir. 1998) (imposing a similar restriction on contact with children, "unless approved by [the defendant's] probation officer"). While special condition 11 lacks a probation officer exception, this distinction is not salient because Begay currently lacks a protected liberty interest in associating with any children. If circumstances change—for example, if Begay has his own children—he may petition the court to modify the condition. *See* 18 U.S.C. § 3583(e)(2); *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002). We express no view on whether and in what circumstances the condition should be modified.

While condition 12 significantly limits Begay's contact with his family, such limitations may be appropriate where the court finds that "a defendant has a proclivity for sexual violations of familial relationships." *United States v. Wolf Child*, 699 F.3d 1082, 1099 (9th Cir. 2012). Here, the judge explicitly noted that Begay's crimes against his niece had "violated the family trust." Moreover, the district court judge modified this condition at sentencing to clarify that it did not "apply to [Begay's] mother or adult siblings."

2. Special Condition 13: We review this special condition for plain error because Begay did not object to it either in his sentencing memorandum or at sentencing. *United States v. Johnson*, 626 F.3d 1085, 1088 (9th Cir. 2010). We hold that special condition 13 is unconstitutionally vague and overbroad but that it is not plainly erroneous.

A condition is unconstitutionally vague in violation of due process if its terms are "so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." *United States v. Hugs*, 384 F.3d 762, 768 (9th Cir. 2004) (citation omitted); *see, e.g.*, *United States v. Hall*, 912 F.3d 1224, 1226 (9th Cir. 2019) (per curiam) (holding that a condition permitting the defendant to contact his son only for "normal familial relations" was unconstitutionally vague). A vague and overbroad condition "cannot be 'saved'

3

merely because the government promises to enforce it in a narrow manner."
*United States v. Soltero*, 510 F.3d 858, 867 n.10 (9th Cir. 2007) (per curiam).

Special condition 13 prohibits Begay from "go[ing] to, or remain[ing] at, any place where [he] know[s] children under the age of 18 are likely to be, including parks, schools, playgrounds, and childcare facilities." The condition is not limited to the four examples; it only "includ[es]" them. This condition thus may be read as prohibiting Begay from going to "any" place where Begay knows children are "likely to be"—including a gas station, a grocery store, a church, or even a McDonalds.

We have upheld conditions that prohibit sex offenders from loitering near "school yards, parks, playgrounds, arcades, or other places *primarily used by*" children. *Bee*, 162 F.3d at 1235–36 (emphasis added); *see also United States v. Daniels*, 541 F.3d 915, 928 (9th Cir. 2008). The condition here sweeps far more broadly because it prohibits Begay from "go[ing]" to "any" place where children are "likely to be." Nor does the condition permit the probation officer to clarify its scope. By requiring Begay to guess at his peril the probability that children will be in a location, the condition is unconstitutionally vague and overbroad.

However, we do not correct the error in special condition 13 because we hold that the district court did not commit plain error. *See Johnson v. United*

*States*, 520 U.S. 461, 466–67 (1997). The government insists that it will not enforce this condition in an overbroad manner, but this promise does not save the condition. *See Soltero*, 510 F.3d at 867 n.10. The district court may, of course, modify the wording of this condition, but we will not direct it to do so.

**AFFIRMED.**



U.S. v. Begay, No. 19-10296
Ikuta, J. specially concurring.

I would enforce Begay's appeal waiver and dismiss the appeal without reaching the merits of his claims.

In his plea agreement, Begay waived "any right to file an appeal that challenges . . . any aspect of the [his] sentence." Yet, he now appeals the conditions of his supervised release, which are undeniably within the scope of his appeal waiver. *See United States v. Joyce*, 357 F.3d 921, 923 (9th Cir. 2004).

We have held that an appeal waiver does not apply if a sentence "exceeds the permissible statutory penalty for the crime or violates the Constitution." *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007). Begay does not raise a colorable claim that Special Condition 13 is unconstitutionally void for vagueness. A law is not unconstitutionally vague merely because it lacks "mathematical certainty." *Grayned v. City of Rockford*, 408 U.S. 104, 110 (1972). And "the Constitution does not require impossible standards," *United States v. Petrillo*, 332 U.S. 1, 7 (1947), or expect "perfect clarity and precise guidance," *Holder v. Humanitarian L. Project*, 561 U.S. 1, 19 (2010).[1] In prohibiting Begay from

---

[1] The concurrence acknowledges that the Constitution does not require "mathematical certainty," but urges that Begay is "entitled" to more precision and specificity in Special Condition 13. Concurrence at 2. But a supervised release condition is not impermissibly vague when it fails to provide more clarity than what the Constitution requires.

frequenting "any place where you know children under the age of 18 are likely to be, including parks, schools, playgrounds, and childcare facilities," Special Condition 13 prohibits Begay from frequenting places that he knows are as likely to include children as are parks, schools, playgrounds, and childcare facilities. Moreover, any concern that the condition "fails to provide people of ordinary intelligence" an understanding of what conduct it prohibits is ameliorated when the condition contains a scienter requirement, as it does in this case. *See Hill v. Colorado*, 530 U.S. 703, 732 (2000).

Nor does Begay raise a colorable claim that Special Condition 13 is otherwise illegal under *Bibler*, given that he does not argue that the condition exceeds the permissible statutory penalty for the crime. 495 F.3d at 624. To the extent our cases suggest that an appeal waiver does not apply so long as a defendant raises any claim of error, *see United States v. Dailey*, 941 F.3d 1183, 1188–89 (9th Cir. 2019), they are mistaken. Such a merits inquiry defeats the purpose of an appeal waiver, given that "[t]he whole point of a waiver . . . is the relinquishment of claims *regardless* of their merit." *United States v. Nguyen*, 235 F.3d 1179, 1184 (9th Cir. 2000), *abrogated on other grounds as recognized by United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011) (emphasis in original). Moreover, such an approach makes no distinction between a defendant who waives the right to appeal and one who does not. Where a defendant

"knowingly and voluntarily waived the right to appeal *every* aspect of his sentence," and where "the government upheld its end of the deal," the government "is entitled to the benefit of its bargain." *United States v. Cortez-Arias*, 425 F.3d 547, 548 (9th Cir. 2005) (emphasis in original).  Accordingly, I would dismiss Begay's claims as barred by the appeal waiver.

*USA v. Begay*, No. 19-10296

VANDYKE, Circuit Judge, concurring.

I concur, and write separately only to emphasize the sweeping breadth of special condition 13 as written. It blanketly prohibits Begay from going to "any place where you know children … are likely to be." The memorandum disposition is correct that the four examples listed in the condition don't cabin its comprehensive scope, because the condition expressly states those are merely examples of what the prohibition "includ[es]," not limitations on the scope of the condition. *See also* Antonin Scalia & Brian A. Garner, *Reading Law: The Interpretation of Legal Texts* 202–05 (2012) (observing that the ejusdem generis canon is not applicable to this circumstance; "[a]uthorities have traditionally agreed that the specific-general sequence is required, and that the rule does not apply to the general-specific sequence").

Everyone, including the government at oral argument, acknowledges that special condition 13 couldn't actually have been intended to prevent Begay from walking up to the counter at a McDonald's. But that is what it says. Because everyone—including Begay—knows that children are likely to be at a McDonald's.

Judge Ikuta's reliance on Supreme Court cases stating that "mathematical certainty" is not required to avoid a vagueness problem and that "the Constitution does not require impossible standards," is, respectfully, misplaced. First, *if* special

condition 13 was actually applied consistent with its plain text—prohibiting Begay from going to "any place where you know children … are likely to be"—then that condition itself requires an "impossible standard."  Which is why nobody seems to want to read it as saying what it actually says.  On the other hand, if it doesn't mean what it actually says, then who knows what it means?  Does it prevent Begay from going to a McDonald's or a grocery store, or not?  While everyone agrees that "mathematical certainty" is not required, Begay is entitled to at least *some* clarity about whether he can go to a McDonald's or a grocery store or to church—all places everyone "know[s] children … are likely to be."  As written, the only "mathematical certainty" provided by condition 13 is that nobody thinks it should be read to say what it, in fact, plainly says.

Special condition 13 should say what it means, not mean what everyone thinks it should mean *despite* what it says.