IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

|  |  |
|---|---|
| MARC-JAMES ROBERTS, | No. 55362-7-II |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| JEFFREY UTTECHT, Superintendent, Coyote Ridge corrections Center, | |
| Respondent. | |

WORSWICK, J. — Marc J. Roberts appeals a superior court order dismissing his habeas corpus petition as untimely. Roberts pleaded guilty to first degree murder in 2002. Eighteen years later, he filed a habeas corpus petition challenging his conviction, and the trial court dismissed his petition as untimely. On appeal, Roberts argues that the trial court (1) lacked personal jurisdiction because Roberts is a "sovereign," not a person; (2) the trial court violated his due process rights; (3) the American Arbitration Association (AAA) rules should apply to judicial proceedings; (4) the dismissal was arbitrary and capricious; (5) the trial court departed from the usual manner of conducting judicial proceedings; (6) the Attorney General made false statements; and (7) the time bar imposed by RCW 10.73.090 is fictitious. All of Roberts's arguments are meritless. We dismiss Roberts's petition as untimely under RCW 10.73.090.

FACTS

Roberts pleaded guilty to first degree murder in 2002. He was sentenced to 240 months of confinement and did not appeal his conviction. His judgment and sentence became final for purposes of the one-year time bar on June 28, 2002.

In June 2020, Roberts filed a habeas corpus petition in superior court, arguing that he is a "sovereign," not a "person" and because he is a "sovereign," the trial court should have acquired Roberts's consent before asserting personal jurisdiction over him. Clerks's Papers (CP) at 1. He also argued ineffective assistance of counsel, and he made several unsupported claims that our courts are "private corporate" courts involved in "enormous and elaborate scheme/scam/Treason, by the elites and their 'Subversive Organization.'" CP 23-30.

The trial court dismissed Roberts's petition as time-barred by RCW 10.73.090. Roberts appeals.

## ANALYSIS

### I. LEGAL PRINCIPLES AND STANDARD OF REVIEW

RCW 10.73.090(1) states that "No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." "Collateral attack" includes a habeas corpus petition. RCW 10.73.090(2).

A petitioner filing an untimely collateral attack bears the burden of showing that his petition overcomes the one-year time bar of RCW 10.73.090 by demonstrating that one of the RCW 10.73.100 exceptions applies. RCW 10.73.100(5) exempts petitions from the one-year time bar if the trial court imposed a sentence in excess of the court's jurisdiction. It is proper for a court to dismiss a petition for collateral review when "it fails to present an arguable basis for collateral relief either in law or in fact." *In re Pers. Restraint of Khan*, 184 Wn.2d 679, 686-87, 363 P.3d 577 (2015).

Because Roberts filed his habeas corpus petition more than one year after his judgment and sentence became final, he must demonstrate either facial invalidity, judgment entered in excess of the court's jurisdiction, or any of the RCW 10.73.100 exemptions to the time bar. RCW 10.73.090. A judgment is facially invalid if the trial court exercised power that it did not have, most typically by imposing a sentence not authorized by law. *In re Pers. Restraint of Flippo*, 187 Wn.2d 106, 110, 385 P.3d 128 (2016). For example, if a trial court enters a judgment for a nonexistent crime or if a sentence exceeds the duration allowed by statute. *In re Pers. Restraint of Knight*, 4 Wn. App. 2d 248, 252-53, 421 P.3d 514 (2018*); In re Pers. Restraint of McWilliams*, 182 Wn.2d 213, 215 n.2, 340 P.3d 223 (2014).

## II. ROBERTS'S UNTIMELY COLLATERAL ATTACK

Roberts makes several meritless arguments. He argues that (1) the trial court lacked personal jurisdiction because it did not obtain his consent as a "sovereign"; (2) the AAA rules apply to judicial proceedings; (3) the trial court violated his due process rights by sentencing him despite lack of personal jurisdiction; (4) improper venue; (5) the RCW 10.73.090 time bar is "fictitious;" (6) the State was required to respond to his petition on the merits; and (7) the trial court's dismissal was arbitrary and capricious. He also argues, without explanation, that (8) the trial court departed from the usual course of judicial proceedings. None of his claims are supported by factual allegation or sound legal arguments. Roberts merely regurgitates case law and asserts legal conclusions without showing how or why he came to such conclusions. Importantly, none of his arguments go to the facial invalidity of his judgment. Because Roberts's petition was filed more than one year after his conviction became final per RCW

10.73.090, dismissal is required unless he can show an exception to the statutory time bar. RCW 10.73.100; *Khan*, 184 Wn.2d at 686-87.

Roberts's only argument that could possibly constitute an exception to the RCW 10.73.090 time bar is his jurisdictional argument. Roberts argues that he overcomes the RCW 10.73.090 time bar because the trial court imposed his sentence in excess of its jurisdiction. The trial court properly exercised personal jurisdiction over Roberts; thus, his petition is untimely.

The crux of Roberts's jurisdictional argument hinges on a bald assertion that he is a "sovereign," not a "person," and therefore, he is not subject to the court's jurisdiction without his consent. Br. of Appellant 1-3. This argument is meritless.

Roberts presumes that by self-identifying as a "sovereign" he cannot be sued without permission. Although Roberts claims he is a "sovereign" and not a "sovereign citizen," his arguments are similar to those espoused by self-proclaimed "sovereign citizens."[1] Caesar Kalinowski, *A Legal Response to the Sovereign Citizen Movement*, 80 MONT. L. REV. 153, 158-64 (2019). Sovereign citizens generally believe that they are not subject to laws or court proceedings. *United States v. Gougher*, 835 Fed. Appx. 231, 233 (9th Cir. 2020) (quoting *United States v. Glover*, 715 F. App'x 253, 256 n.2 (4th Cir. 2017)). However, courts have repeatedly held that those who claim to be sovereign are subject the courts' jurisdiction regardless of how they frame their jurisdictional arguments. *Gougher*, 835 Fed. Appx. at 233 (asserting

---

[1] Roberts' jurisdictional argument is an archetypal argument made by "sovereign citizens" and has been rejected by courts every single time as meritless and frivolous. *See e.g.,* Order Den. Mot. to Dismiss, *United States v. Newby*, No. C18-5978RBL, 2019 WL 7877965 (W.D. Wash., Dec. 19, 2019) (court order); *United States v. Neal*, 776 F.3d 645, 650 (9th Cir. Jan. 12, 2015); *United States v. Cook*, 3:18-CR-00019, 2019 WL 2721305, at *2 (E.D. Tenn. June 28, 2019).

jurisdiction over a "sovereign citizen" despite lack of consent). *See e.g., United States v. Hall*, 681 Fed. Appx. 621 (9th Cir. Mar. 8, 2017).

The Seventh Circuit has aptly held, "Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented." *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. Aug. 18, 2011). We likewise summarily reject Roberts' bald assertion that he is a sovereign whose consent must be obtained by the courts of this state. His jurisdictional argument fails.

Because Roberts filed his petition more than one year after his judgment and sentence became final, and because he fails to show an exemption to the time bar under RCW 10.73.100, we dismiss his petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Maxa, J.

Lee, C.J.