

**FILE**

IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON

D...

*Madsen, C.J.*
CHIEF JUSTICE

This opinion was filed for record

at $8.00$ am on Dec 8, 2016

Susan L. Carlson
**SUSAN L. CARLSON**
**SUPREME COURT CLERK**

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of | ) ) ) | No. 92616-6 |
| EARL OWEN FLIPPO, | ) ) | EN BANC |
| Petitioner. | ) ) ) | Filed: DEC 0 8 2016 |

YU, J. — Petitioner Earl Owen Flippo contends that his personal restraint petition (PRP) is not time barred even though it was filed more than one year after his judgment and sentence became final. Flippo asks us to hold that the trial court's alleged failure to perform an individualized inquiry into his ability to pay discretionary legal financial obligations (LFOs) renders his judgment and sentence facially invalid. In the alternative, Flippo asks us to hold that our recent opinion in *State v. Blazina*[1] is a significant, material change in the law requiring retroactive application in accordance with RCW 10.73.100(6). We decline to do so on both

---

[1] 182 Wn.2d 827, 344 P.3d 680 (2015).

points and therefore affirm the Court of Appeals opinion dismissing Flippo's PRP as time barred.

## FACTUAL AND PROCEDURAL HISTORY

A jury convicted Flippo of four counts of child molestation in 2008. Flippo timely appealed to Division Three, which upheld the verdict and sentence in 2010. The Court of Appeals dismissed Flippo's first PRP in 2011. In 2015, Flippo filed his second PRP, arguing for the first time that the sentencing court imposed discretionary LFOs without having performed an individualized inquiry into his ability to pay. Division Three of the Court of Appeals dismissed Flippo's PRP on the basis that it was untimely. We granted discretionary review and now affirm.

## ISSUES

A.    Does the lack of an individualized inquiry into a defendant's present and future ability to pay discretionary LFOs render a judgment and sentence facially invalid for purposes of RCW 10.73.090(1)?

B.    Did this court's decision in *Blazina* constitute a significant change in the law requiring retroactive application pursuant to RCW 10.73.100(6)?

## ANALYSIS

PRPs "are modern version[s] of ancient writs," most notably habeas corpus, "that allow petitioners to challenge the lawfulness of confinement." *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 128, 267 P.3d 324 (2011). By statute, a

2

petitioner must file a PRP no later than "one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." RCW 10.73.090(1). There is an exemption from the one-year time limit for PRPs based solely on "a significant change in the law, whether substantive or procedural, which is material to the conviction [or] sentence" if "sufficient reasons exist to require retroactive application of the changed legal standard." RCW 10.73.100(6). Flippo contends that the one-year time limit does not apply, because either his judgment and sentence is not valid on its face or *Blazina* was a significant, material change in the law that applies retroactively.[2] We reject both arguments.

A. THE LACK OF AN INDIVIDUALIZED INQUIRY PURSUANT TO RCW 10.01.160(3) DOES NOT RENDER A JUDGMENT AND SENTENCE FACIALLY INVALID

A sentencing court's alleged failure to conform with the requirements of RCW 10.01.160(3) does not render the judgment and sentence facially invalid for purposes of RCW 10.73.090(1). Facial validity depends on whether the court exceeded its substantive authority, and the court here plainly had substantive authority to impose discretionary LFOs.

---

[2] Although Flippo argued in his PRP that the imposition of discretionary LFOs is never "final" under RCW 10.73.090(1) due to the availability of statutory remissions procedures, he later conceded that his judgment and sentence became final more than one year ago. Suppl. Br. of Pet'r at 4. This concession was proper based on the explicit definitions of when "a judgment becomes final" in RCW 10.73.090(3).

We have described the "valid on its face" language of RCW 10.73.090(1) as "a term of art that, like many terms of art, obscures, rather than illuminates, its meaning." *In re Pers. Restraint of Scott*, 173 Wn.2d 911, 916, 271 P.3d 218 (2012) (plurality opinion). Courts have "regularly found facial invalidity when the court actually exercised a power it did not have." *Coats*, 173 Wn.2d at 136. However, "the 'not valid on its face' limitation of RCW 10.73.090 is not a device to make an end run around the one-year time bar for most errors . . . ." *Id.* at 144.

In this case, Flippo argues that statutory authority to impose discretionary LFOs stems from the affirmative duty of the court to engage in an individualized inquiry into the defendant's present and future ability to pay. Therefore, he contends, "[i]f the trial court fails to engage in the required inquiries, it lacks authority to impose discretionary LFOs." Suppl. Br. of Pet'r at 6. This is not so; Flippo's argument erroneously conflates the substantive authority to impose discretionary LFOs with the proper procedure for doing so.

The specific grant of authority to impose discretionary LFOs and the duty to engage in an individualized financial inquiry regarding a defendant's present and future likely ability to pay are distinct components of the discretionary LFO statute, and only the former has any bearing on the question of facial validity. *See, e.g., In re Pers. Restraint of Carrier*, 173 Wn.2d 791, 799-800, 272 P.3d 209 (2012) (differentiating between documents revealing that a court exceeded its

4

substantive authority and documents revealing procedural defects); *Coats*, 173 Wn.2d at 140-41 (In assessing facial invalidity, "[w]e have not referred to trial rulings, motions, or jury instructions when they reflect on fair trial issues and not the validity of the judgment and sentence."). Even if the sentencing transcript might reveal that no individualized inquiry occurred as required by RCW 10.01.160(3), it does not follow that the court exercised authority it did not have. Such authority exists pursuant to RCW 10.01.160(1), which provides that "[t]he court may require a defendant to pay costs." The procedural safeguard of RCW 10.01.160(3) "creates a duty" on the court to engage in an individualized inquiry prior to imposing discretionary LFOs, but does not detract from a court's substantive authority to do so. *Blazina*, 182 Wn.2d at 838.

Importantly, in *Blazina* we noted that unpreserved LFO errors do not result in the type of "'illegal or erroneous sentences'" that may be reviewed as a matter of right. *Id.* at 833. Similarly, they do not render a judgment and sentence facially invalid for purposes of RCW 10.73.090(1). We hold that Flippo's judgment and sentence is valid on its face.

B.  *BLAZINA* DID NOT CONSTITUTE A SIGNIFICANT CHANGE IN THE LAW REQUIRING RETROACTIVE APPLICATION PURSUANT TO RCW 10.73.100(6)

Flippo also contends that our decision in *Blazina* constituted a material, significant change in the law requiring retroactive application. Because *Blazina*

was not a significant change in the law, Flippo's PRP is not exempt from the one-year time bar by operation of RCW 10.73.100(6).

*Blazina* is firmly rooted in in the plain statutory language of RCW 10.01.160(3). We found neither ambiguity in the language of the statute nor divergence in the manner with which appellate courts had been applying the law. Rather, we took the opportunity in *Blazina* "to emphasize the trial court's obligation to consider the defendant's ability to pay" before imposing discretionary LFOs. 182 Wn.2d at 839. *Blazina* was simply a directive to the courts, clarifying how to fully comply with RCW 10.01.160(3); it did not change anything about the meaning of that statute or any other material provision of law.

We recognize that prior to *Blazina*, there were no specific cases from this court interpreting RCW 10.01.160(3). However, the relevant inquiry for purposes of RCW 10.73.100(6) is whether our opinion in *Blazina* "'effectively overturned a prior appellate decision that was originally determinative of a material issue.'" *In re Pers. Restraint of Lavery*, 154 Wn.2d 249, 258, 111 P.3d 837 (2005) (quoting *In re Pers. Restraint of Greening*, 141 Wn.2d 687, 697, 9 P.3d 206 (2000)). Flippo argues that *Blazina* abrogated the holdings in *State v. Blank*, 131 Wn.2d 230, 930 P.2d 1213 (1997), *State v. Lundy*, 176 Wn. App. 96, 308 P.3d 755 (2013), *State v. Smits*, 152 Wn. App. 514, 216 P.3d 1097 (2009), and *State v. Crook*, 146 Wn. App. 24, 189 P.3d 811 (2008). But none of those cases interpreted a sentencing court's

obligations pursuant to RCW 10.01.160(3), and the imperative language found in RCW 10.01.160(3) existed in 2008 just as it did in 2015. Former RCW 10.01.160 (LAWS OF 2008, ch. 318, § 2). Thus, prior to *Blazina*, a defendant could certainly request that the court perform an individualized inquiry pursuant to the statute.

Flippo further asserts that arguing the issue of an individualized inquiry to the sentencing court prior to *Blazina* would have been futile as a result of this court's holding in *State v. Curry*, 118 Wn.2d 911, 829 P.2d 166 (1992). In *Curry*, we determined that "[n]either the statute nor the constitution requires a trial court to enter formal, specific findings regarding a defendant's ability to pay court costs." *Id.* at 916. In *Blazina*, we held that "[t]he record must reflect that the trial court made an individualized inquiry into the defendant's current and future ability to pay." 182 Wn.2d at 838. Read together, both opinions make clear what is and is not required of the sentencing court, and nothing about those requirements changed with *Blazina*. The record must reflect that an individualized inquiry has been made, but the court need not enter formal, specific findings. To the extent trial counsel believed otherwise, a "'significant change in the law' requires that the law, not counsels' understanding of the law on an unsettled question, has changed." *State v. Miller*, 185 Wn.2d 111, 116, 371 P.3d 528 (2016).

7

*Blazina* did not constitute a significant change in the law for purposes of RCW 10.73.100(6). Flippo's PRP is thus not exempt from the one-year time bar, and the Court of Appeals properly dismissed it.

C.    APPELLATE COSTS

Finally, Flippo asks this court to deny the State's request for appellate costs. "RCW 10.73.160(1) authorizes an appellate court to award to the State as a substantially prevailing party under RAP 14.2 the appellate counsel expenses incurred on behalf of a defendant." *State v. Nolan*, 141 Wn.2d 620, 628, 8 P.3d 300 (2000). This court may, as a matter of discretion, decline to award any appellate costs. *Id.* Based on Flippo's undisputed indigency, his statement of finances indicating that his assets are limited to $1.67 in his prison account, and our order appointing counsel for Flippo on review, we now choose to exercise our discretion and direct the clerk of the court not to award appellate costs even though the State has substantially prevailed.

CONCLUSION

In *Blazina*, this court emphasized the importance of adhering to the statutory procedural safeguards calling for an individualized inquiry prior to imposing discretionary LFOs in accordance with RCW 10.01.160(3). However, this procedural inquiry is distinct from a court's substantive authority to impose discretionary LFOs, and the lack of such an inquiry does not render a judgment and

8

sentence facially invalid. Further, our opinion in *Blazina* did not result in a material, significant change in the law requiring retroactive application for purposes of RCW 10.73.100(6). Accordingly, we hold Flippo's PRP is time barred and affirm the decision of the Court of Appeals.

_____
Yu, J.

WE CONCUR:

_____
Madsen, C.J.

_____
Johnson, J.

_____
Owens, J.

_____
Fairhurst, J.

_____
Stephens, J.

_____
González, J.

_____
Gordon McCloud, J.

_____
Wiggins, J.