# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| IN THE MATTER OF THE PERSONAL RESTRAINT OF ) ) ) | No. 73994-8-I |
| ) ) | DIVISION ONE |
| MARTIN SHAW PANG, ) ) | PUBLISHED OPINION |
| Petitioner. ) ) ) | FILED: January 17, 2017 |

PER CURIAM – Following Martin Pang's 1998 convictions for four counts of manslaughter, the court imposed a sentence that included discretionary legal financial obligations (LFOs). In 2015, Pang filed a motion in superior court for an "individualized inquiry" into his ability to pay his discretionary LFOs. Citing RCW 10.01.160(3) and State v. Blazina,[1] Pang argued that he never received the requisite inquiry into his ability to pay and that the court should perform that inquiry and waive his discretionary financial obligations. The court ruled the motion was untimely and transferred it to this court under CrR 7.8(c)(2) for resolution as a personal restraint petition.

While the petition was pending, the State Supreme Court decided In re Flippo, ___ Wn.2d ___, 385 P.3d 128 (2016). The Flippo court held that the failure to inquire into Flippo's ability to pay discretionary LFOs did not render his judgment and sentence invalid, and that Blazina's holding requiring such inquiries was not a significant change in the law requiring retroactive application.

---

[1] 182 Wn.2d 827, 344 P.3d 680 (2015)(holding that under RCW 10.01.160(3), courts must determine, on the record, the defendant's current and future ability to pay before imposing discretionary financial obligations).

No. 73994-8-I / 2

Accordingly, the court concluded that the Court of Appeals properly dismissed Flippo's personal restraint petition as untimely. The parties here agree, and we concur, that Flippo controls Pang's arguments under Blazina and RCW 10.01.160(3). Accordingly, his petition/motion is untimely under RCW 10.73.090.

Pang argues in the alternative that this court should "construe Mr. Pang's motion as a motion to remit costs [under RCW 10.01.160(4)], and . . . remand for a hearing on the motion." Petitioner's Supp. Br. at 7. We decline to do so. Pang's motion below rested on RCW 10.01.160(3), not the remittance statute, RCW 10.01.160(4). If Pang seeks to remit his discretionary financial obligations, the appropriate procedure is to file a motion for remittance under RCW 10.01.160(4) with "the sentencing court." RCW 10.01.160(4). The sentencing court, not this court, will then determine whether he is entitled to remittance or modification of the method of payment. RCW 10.01.160(4).

The petition is denied.

For the Court:

Appelwick, J.

Trickey, J

Verellen, CJ