# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                       Respondent,<br><br>    v.<br><br>ANTHONY DWAIN DAVIS,<br><br>                       Appellant. | No.  50122-8-II<br><br><br><br>Consolidated with |
| In the Matter of the Personal Restraint<br>Petition of<br><br>ANTHONY DWAIN DAVIS,<br><br>                       Petitioner. | No.  48482-0-II<br><br><br>UNPUBLISHED OPINION |

WORSWICK, J. —Anthony Davis appeals from the trial court's denial of his motion to resentence him for his 1995 conviction of first degree rape.  Davis contends that the trial court erred in denying his resentencing motion because his 1995 persistent offender sentence was imposed by relying in part on convictions listed on a facially invalid 1986 judgment and sentence.

Davis also filed a personal restraint petition that we have consolidated with his direct appeal, in which he repeats his contention that his 1986 convictions are invalid and do not support the sentence imposed for his 1995 first degree rape conviction.  Additionally, Davis contends in his personal restraint petition that his 1995 judgment and sentence is facially invalid because the trial court imposed discretionary legal financial obligations (LFOs) absent an

No. 50122-8-II
Cons. No. 48482-0-II

adequate inquiry of his ability to pay. We affirm the trial court's order denying Davis's resentencing motion and dismiss his petition as untimely.

FACTS

On January 11, 1995, the State charged Davis with first degree burglary and two counts of first degree rape. Davis later pleaded guilty to an amended information charging him with one count of first degree rape. Davis's statement on plea of guilty disputed his criminal history but acknowledged that the State would recommend a persistent offender sentence of life without the possibility of release based on his prior convictions. The trial court accepted Davis's guilty plea to first degree rape, found that Davis was a persistent offender under former RCW 9.94A.030(25) (1994), and imposed a life sentence without the possibility of release under former RCW 9.94A.120(4) (1994). Davis's judgment and sentence from his 1995 first degree rape conviction lists his criminal history as including a 1978 conviction of second degree burglary, 1986 convictions of two counts of second degree robbery, first degree kidnapping, and first degree assault, and a 1989 conviction of first degree rape.

On September 11, 1997, our Supreme Court granted appellate counsel's *Anders*[1] motion to withdraw and dismissed Davis's appeal based on the absence of any nonfrivolous challenge to his 1995 first degree rape conviction. The mandate from our Supreme Court's 1997 decision dismissing Davis's appeal issued on October 9, 1997.

In 2010, Davis filed a personal restraint petition in which he sought to withdraw his 1986 guilty pleas to two counts of first degree burglary, attempted second degree robbery, and second degree theft. On November 22, 2013, a Supreme Court commissioner entered a ruling

_____

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

2

dismissing Davis's personal restraint petition. The ruling determined that, although the 1986

judgment and sentence was facially invalid for incorrectly listing the standard sentencing range

for Davis's attempted second degree robbery conviction, such invalidity on the face of the

judgment and sentence did not allow Davis to timely challenge the voluntariness of his guilty

pleas. Accordingly, the ruling did not permit Davis to withdraw his 1986 guilty pleas, but

instead dismissed Davis's petition as untimely.

On January 12, 2016, after our Supreme Court dismissed Davis's petition, Davis filed

CrR 7.8 motions to modify his 1995 judgment and sentence and to terminate his discretionary

LFOs, which motions the superior court transferred to this court for consideration as the personal

restraint petition currently before us.

Davis also filed several other motions with the trial court, including an April 12, 2016

motion to resentence that is the subject of this appeal. The April 12, 2016 motion requested that

the trial court conduct a resentencing hearing based on the November 22, 2013 Supreme Court

ruling dismissing Davis's petition.

The trial court transferred the April 12 motion to resentence to this court for

consideration as a personal restraint petition. But we rejected the transfer because Davis's

motion was not seeking relief from judgment under CrR 7.8, but rather sought to enforce a

purported directive from our Supreme Court to resentence him.[2]

---

[2] Our order denying transfer also noted that to the extent Davis's motion was a request for a writ of mandamus to compel the superior court to act, we lacked original jurisdiction over such writs. RAP 16.2(a).

No. 50122-8-II
Cons. No. 48482-0-II

On March 10, 2017, the trial court held a hearing to address Davis's April 12 motion to resentence. That same day, the trial court entered an order denying Davis's motion to resentence, which provided in part:

1. This Court's Judgment and Sentence dated October 30, 1995 became final approximately twenty years ago. No higher court has found it to be invalid.

2. This Court's Judgment and Sentence dated November 13, 1986 became final approximately thirty years ago. No higher court has found it to be invalid. The Supreme Court's Acting Commissioner ruled that even though the 1986 judgment listed an incorrect standard range for the Attempted Robbery conviction the judgment was not "facially invalid" for purposes of overcoming the collateral attack time bar found in RCW 10.73.100. The Supreme Court left wholly intact the 1986 judgment and sentence, while denying Mr. Davis's personal restraint petition.

3. Mr. Davis has attempted to re-litigate before this Court the same arguments that the Supreme Court's Acting Commissioner found to be unpersuasive in 2013. Mr. Davis argues that because the 1986 Judgment and Sentence lists a standard range sentence for Attempted Robbery Second Degree that is incorrect, then the Judgment and Sentence is "facially invalid." It follows, according to Mr. Davis's arguments, that the 1995 Judgment and Sentence is also invalid because it lists the "invalid" 1986 crimes as part of Mr. Davis's criminal history—a history that resulted in a mandatory sentence of life in prison without release.

4. The 1986 Judgment and Sentence remains intact, is not invalid, and has not been disturbed by a reviewing court. The convictions for crimes committed by Mr. Davis in 1986 properly remain as part of his criminal history and were correctly and necessarily considered by this Court during Mr. Davis's 1995 sentencing hearing. The 1995 Judgment and Sentence remains valid and intact; it likewise has not been disturbed by a reviewing court.

5. This Court finds no lawful basis to re-sentence Mr. Davis for committing the 1995 Rape in the First Degree. Mr. Davis's logic is that the 1995 Judgment and Sentence is invalid because it refers to 1986 offenses that he argues have been invalidated. But the logic falls apart because the 1986 Judgment and Sentence has not been invalidated in any respect. The Court of Appeals has directed that this Court resolve Mr. Davis's motion for re-sentencing. Mr. Davis's motion for re-sentencing is resolved as follows:

It is hereby ORDERED that the motion for re-sentencing is DENIED.

No. 50122-8-II
Cons. No. 48482-0-II

Clerk's Papers (CP) at 516-17.  Davis appeals from the order denying his motion to resentence.

ANALYSIS

I.  Resentencing Motion

As an initial matter, we note that Davis's appellate counsel fails to address the sole issue before the trial court in ruling on Davis's resentencing motion, namely whether it was compelled to resentence Davis based on a purported directive from our Supreme Court in its 2013 ruling dismissing Davis's personal restraint petition.  Instead, appellate counsel argues that Davis's 1995 judgment and sentence is facially invalid because it relied on a constitutionally invalid 1986 conviction to find Davis was a persistent offender subject to a mandatory life sentence. Appellate counsel's argument constitutes a collateral attack on Davis's 1995 judgment and sentence, which is not a proper subject of this direct appeal from the trial court's denial of Davis's resentencing motion.  And we discern no error in the trial court's ruling denying Davis's April 12 resentencing motion.

Davis's April 12 motion to resentence requested the following relief without any further legal argument, "The Defendant request[s] that this court hold a resentencing hearing based on Supreme Court ruling on case No. 84699-5, Dated: November 22, 2013.  See EXHIBIT 1 (Dismissal Personal Restraint Petition)."  CP at 34.  Davis's motion appears to assert that the trial court was required to conduct a resentencing hearing pursuant to a Supreme Court directive in its ruling dismissing his personal restraint petition.[3]  This assertion is meritless.

---

[3] To the extent that Davis's resentencing motion asserted that he was being unlawfully restrained due to an error in the sentence imposed for his 1995 first degree rape conviction, it is a collateral attack subject to the analysis in the personal restraint petition section of this opinion below.

5

Because the trial court's order denying Davis's motion to resentence required it to interpret our Supreme Court's ruling dismissing Davis's previous petition, it was a legal determination that we review de novo. *See State v. Campbell*, 125 Wn.2d 797, 800, 888 P.2d 1185 (1995) ("An appellate court reviews issues of law de novo."); *City of Vancouver v. State Pub. Employment Relations Comm'n*, 180 Wn. App. 333, 347, 325 P.3d 213 (2014) ("We review any questions of law, such as the . . . interpretation of a statute or judicial precedent, de novo."). Here, our Supreme Court's ruling dismissed Davis's petition as untimely and did not provide any relief from his 1986 convictions of two counts of first degree burglary, attempted second degree robbery, and second degree theft. Although the ruling noted that Davis's 1986 judgment and sentence was facially invalid in that it listed an incorrect standard range and maximum sentence for his crime of attempted second degree burglary, the ruling determined that such invalidity did not permit Davis to timely challenge the voluntariness of his guilty plea.[4] Therefore, Davis's 1986 convictions remained valid following our Supreme Court's ruling dismissing his petition, and the ruling did not require any further action from the trial court. Accordingly, we affirm the trial court's order denying Davis's resentencing motion.

## II. Personal Restraint Petition

A.    *Inclusion of Davis's 1986 Convictions in his 1995 Judgment and Sentence*

In his personal restraint petition, Davis first argues that the sentence imposed for his 1995 conviction of first degree rape is unlawful because the sentencing court had relied in part on an invalid 1986 conviction of second degree robbery when finding he was a persistent offender

---

[4] The ruling dismissing Davis's petition further determined that Davis suffered no prejudice from the sentencing error on the face of his 1986 judgment and sentence and that the sentencing error was moot.

subject to life imprisonment without the possibility of release. Davis's petition must be dismissed as untimely.

RCW 10.73.090(1) provides:

No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.

Davis's 1995 judgment and sentence became final on October 9, 1997, the date in which our Supreme Court issued its mandate disposing of his direct appeal. RCW 10.73.090(3)(b). Because Davis filed his petition more than one year later, it must be dismissed as untimely unless he can show that his judgment and sentence is facially invalid or that his claims fall under one or more exception to the time bar as set forth in RCW 10.73.100.

Regarding the time bar, Davis first argues that his current petition is not a collateral attack subject to RCW 10.73.090. But RCW 10.73.090(2) defines "collateral attack" as "any form of postconviction relief other than a direct appeal." Here, Davis's petition originated as a postconviction motion to modify or correct his 1995 judgment and sentence and, thus, constitutes a collateral attack under RCW 10.73.090(2). Thus, Davis's argument fails.

Next, although unclear, it appears Davis is asserting that his 1995 judgment and sentence is facially invalid because it lists his criminal history as including a 1986 conviction for second degree robbery. We disagree. Although we will look beyond the four corners of a judgment and sentence to determine whether it is invalid on its face, we limit our review to only the documents that reveal facial invalidity. *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 138-39, 267 P.3d 324 (2011).

Davis does not identify any documents showing that his 1995 judgment and sentence is facially invalid for including his prior 1986 second degree robbery conviction as part of his criminal history. To the extent that Davis is relying on his 1986 judgment and sentence to claim that the 1986 convictions are invalid and, thus, reveal a facial invalidity in his 1995 judgment and sentence, our Supreme Court addressed and rejected this same claim in its ruling dismissing Davis's prior petition. Thus, this argument also fails.

Accordingly, Davis's 1995 judgment and sentence properly lists his 1986 second degree robbery conviction as part of his criminal history, and Davis fails to demonstrate that his 1995 judgment and sentence is facially invalid on this basis. Because Davis fails to demonstrate that his 1995 judgment and sentence is facially invalid for listing his 1986 second degree robbery conviction as part of his criminal history, and because he does not assert that any of RCW 10.73.100's exceptions to the time bar apply to this claim, the claim must be dismissed as untimely.

B.    *Validity of Davis's 1986 Convictions*

Davis also appears to reassert his claims that his 1986 judgment and sentence is facially invalid, or that the sentencing court exceeded its statutory authority in entering its sentence in that matter, because the 1986 judgment and sentence states an incorrect sentencing range for his attempted second degree robbery conviction. Davis raised this same contention in his previous petition, which contention our Supreme Court rejected. And RCW 10.73.140 divests this court of jurisdiction to decide petitions that raise the "same grounds for review." *In re Pers. Restraint of Johnson*, 131 Wn.2d 558, 566, 933 P.2d 1019 (1997). Accordingly, we cannot address Davis's contention regarding his 1986 judgment and sentence. We may, however, transfer

Davis's petition to our Supreme Court if we determine that RAP 16.4(d) might apply. *Johnson*, 131 Wn.2d at 566.

RAP 16.4(d) permits our Supreme Court to review a successive petition requesting "similar relief" if the petitioner shows "good cause" for reexamining the previously rejected claim. Because Davis merely restates the same argument he had raised in his prior petition, he does not satisfy the "good cause" standard of RAP 16.4(d). *See In re Pers. Restraint of Jeffries*, 114 Wn.2d 485, 488, 789 P.2d 731 (1990) ("Simply 'revising' a previously rejected legal argument . . . neither creates a 'new' claim nor constitutes good cause to reconsider the original claim."). Therefore, RAP 16.4(d) does not apply, and we dismiss Davis's claim that his 1986 judgment and sentence is facially invalid because we lack authority to address it.

C.     *Legal Financial Obligations*

Finally, Davis argues that his judgment and sentence is facially invalid because it includes the imposition of LFOs absent a sufficient inquiry of his ability to pay those LFOs. Although Davis's petition is unclear as to whether he is challenging the facial validity of his 1995 or his 1986 judgment and sentence, in either case his claim must be dismissed as untimely.[5] Our Supreme Court held *In re Personal Restraint of Flippo*, 187 Wn.2d 106, 110, 385 P.3d 128 (2016), that "[a] sentencing court's alleged failure to conform with the requirements of RCW 10.01.160(3) does not render the judgment and sentence facially invalid for purposes of RCW

---

[5] Davis's petition, which originated as a CrR 7.8 motion to vacate his judgment, does not state which judgment and sentence he is challenging for imposing LFOs absent an inquiry of his ability to pay. And although the motion lists the superior court cause number associated with his 1995 conviction, no LFOs were imposed in that matter.

No. 50122-8-II
Cons. No. 48482-0-II

10.73.090(1)." Because Davis cannot show that his judgment and sentence is facially invalid, we must dismiss his petition as untimely.[6]

We affirm the trial court's order denying Davis's resentencing motion and dismiss his petition as untimely.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, P.J

We concur:

_____
Johanson, J.

_____
Melnick, J.

---

[6] We need not address the successive nature of Davis's petition because it is untimely. RCW 10.73.140; *In re Pers. Restraint of Turay*, 150 Wn.2d 71, 87, 74 P.3d 1194 (2003).