IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 37093-3-III |
| Respondent, | ) | (Consolidated with |
| | ) | No. 37238-3-III) |
| v. | ) | |
| | ) | |
| EDWARD LEON NELSON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

STAAB, J. — Edward Nelson filed a post-conviction motion to remove the DNA[1]

fee from his judgment and sentence. The State agreed and presented an order correcting

his judgment and sentence. Mr. Nelson appeals, arguing that he had the right to be

present for entry of the agreed order, and the proceedings violated his right to counsel.

For the first time on appeal, he also argues that the judgment and sentence should be

corrected to remove any interest on non-restitution obligations. We disagree with his

substantive claims, but remand to correct the judgment and sentence to remove interest

on non-restitution obligations.

## FACTS

Mr. Nelson was convicted of first degree robbery. On January 22, 2016, the trial

court sentenced him to life in prison without the possibility of parole. The court imposed

---

[1] Deoxyribonucleic acid.

the mandatory crime penalty assessment of $500 under RCW 7.68.035 and a $100 DNA

fee under RCW 43.43.7541, along with interest.  At Mr. Nelson's request in light of his

indigent status, the court waived all other restitution, costs, assessments, and fines.

Paragraph 4.D.9 of the judgment and sentence (J&S) established that financial

obligations "shall bear interest from the date hereof until paid in full at the rate applicable

to civil judgments."  RCW 10.82.090.  Mr. Nelson did not object to any of the imposed

fees or interest.  His criminal history included prior convictions requiring the collection

of DNA.

Mr. Nelson filed a direct appeal challenging the "to convict" portion of the jury

instructions.  Ultimately, on June 14, 2018, the Supreme Court upheld the trial court and

issued a mandate terminating appellate review on July 12, 2018.

On September 4, 2019, Mr. Nelson filed a CrR 7.8 motion to collaterally attack the

J&S, alleging that the inclusion of the DNA fee was a mistake.  While acknowledging

that the trial court imposed only mandatory costs at the time of sentencing, he argued that

the DNA fee had been previously collected in a prior conviction and was now barred as a

duplicate under the newly revised RCW 43.43.7541 effective June 7, 2018.  Id.  Mr.

Nelson requested a show cause hearing.

On September 10, 2019, the State conceded to Mr. Nelson's September 4, 2019

CrR 7.8 motion by presenting an order striking the DNA fee from the J&S and the trial

court entered the order.  The record does not reflect whether a show cause hearing was

ever scheduled on this issue, whether this order was presented ex parte on the record or

resolved entirely off the docket. The record also does not indicate whether Mr. Nelson

ever made a motion to the trial court addressing the issue of interest.

Mr. Nelson appeals entry of this order, arguing that the court denied him a due

process right to be present and to the assistance of counsel at resentencing. We disagree.

ANALYSIS

1. DID THE ENTRY OF AN AGREED ORDER STRIKING THE DNA FEE VIOLATE MR.
   NELSON'S RIGHT TO BE PRESENT AND RIGHT TO AN ATTORNEY?

At the time of Mr. Nelson's sentencing on this case in 2016, the sentencing court

was statutorily required and did impose certain mandatory LFOs as part of Mr. Nelson's

sentence: (1) a $500 crime victim penalty assessment pursuant to former RCW

7.68.035(1)(a) (2009), (2) a $100 DNA collection fee pursuant to former RCW

43.43.7541 (2008), and (3) interest on these imposed mandatory fees pursuant to former

RCW 10.82.090(1) (2015). None of those statutes required that the sentencing court

consider the defendant's ability to pay these mandatory fees. *State v. Seward*, 196 Wn.

App. 579, 587, 384 P.3d 620 (2016).

Effective June 7, 2018, the legislature amended the LFO[2] statutes pertinent to the

issues before the court. LAWS OF 2018, ch. 269, § 1. The Supreme Court in *State v.*

*Ramirez* held that the 2018 amendments to the LFO statute apply prospectively to cases

---

[2] Legal Financial Obligations.

3

pending direct appeal from the judgment and sentence when the amendments took effect. 191 Wn.2d 732, 747-49, 426 P.3d 714 (2018) (precipitating event for the imposition of LFOs is the termination of a defendant's case). The 2018 amendments modified RCW 43.43.7541 to its current language: "Every sentence imposed for a crime specified in RCW 43.43.754 *must* include a fee of one hundred dollars *unless* the State has previously collected the offender's DNA as a result of a prior conviction." (Emphasis added.) The DNA collection fee statute by itself does not grant the trial court any discretion to impose or waive the fee for indigent offenders but remains a mandatory fee subject to pre-condition. *State v. Catling*, 193 Wn.2d 252, 259, 438 P.3d 1174 (2019). The mandatory fee must be imposed unless the DNA was previously collected, in which case imposition would be error.[3] *State v. Blazina* is distinguishable where it dealt with failure to evaluate a defendant's income for the purpose of waiving discretionary fees. 182 Wn.2d 827, 839, 344 P.3d 680 (2015).

In 2016 at sentencing, the trial court performed an individual inquiry and found Mr. Nelson indigent. The trial court waived all fees within its discretion at that time. However, Mr. Nelson's case was not finalized for another two years. On June 7, 2018, Mr. Nelson's primary direct appeal was still pending (mandate issued a month later) and

---

[3] In case a DNA fee is imposed and a non-payment show cause occurs, RCW 9.94A.6333(3)(f) authorizes a court to waive non-restitution LFOs, not including the crime assessment, if the offender is indigent. However, that situation is distinguishable from the present motion to vacate.

thus the 2018 LFO amendments apply prospectively. The amendment rendered the imposed DNA fee void by removing the court's statutory authority to impose the fee in duplicate. *Doe v. Fife Mun. Court*, 74 Wn. App. 444, 450-51, 874 P.2d 182 (1994).

The correct mechanism to fix void fees on judgments is CrR 7.8. *Id*. at 451. A trial court may also correct a clerical error in the judgment and sentence document. *State v. Klump*, 80 Wn. App. 391, 397, 909 P.2d 317 (1996). To determine whether an error is clerical or judicial, we look to "whether the judgment, as amended, embodies the trial court's intention, as expressed in the record at trial." *Presidential Estates Apartment Assoc. v. Barrett*, 129 Wn.2d 320, 326, 917 P.2d 100 (1996). Correcting an erroneous sentence amends a judgment. *State v. Hardesty,* 129 Wn.2d 303, 315, 915 P.2d 1080 (1996) (a court has jurisdiction to amend a judgment to correct an erroneous sentence under CrR 7.8). Because the trial court's original intent here was to waive all fees that it had the authority to waive, the later removal of the DNA fee is merely clerical.

RIGHT TO COUNSEL

Under the Sixth Amendment to the United States Constitution and article I, section 22 of the Washington State Constitution, "a criminal defendant is entitled to the assistance of counsel at critical stages in the litigation." *State v. Heddrick*, 166 Wn.2d 898, 909-10, 215 P.3d 201 (2009). The core of the constitutional right to be present is the right to be present when evidence is being presented. *In re Pers. Restraint of Lord*, 123

5

Wn.2d 296, 306, 868 P.2d 835 (1994). Accordingly, it appears that any proceeding where the trial court is dealing with evidence is a critical stage.[4] *Id*. This includes a proceeding involving "a resolution of disputed facts." *Id*. CrR 3.1(b)(2) broadly describes the various stages of a criminal proceeding to which the right of counsel attaches, including sentencing, appeal, and post-conviction review, but the right is not limitless. *State v. Robinson*, 153 Wn.2d 689, 693-94, 107 P.3d 90 (2005) (failure to appoint counsel at a motion to withdraw plea deemed harmless). CrR 7.8 motions are equated to personal restraint petitions to determine the right to counsel and do not constitute resentencing. *Id*. at 696-97. For CrR 7.8, like personal restraint petitions, the appointment of counsel may be provided after an initial determination that the petition is not frivolous. *Id*. at 695; RAP 16.11. Failure to appoint counsel for a motion to vacate is a violation of a court rule and not a constitutional violation; thus the harmless error test applies. *Id*. at 697. The appellate court reviews a CrR 7.8 motion for abuse of discretion. *State v. Larranaga*, 126 Wn. App. 505, 509, 108 P.3d 833 (2005).

In September 2019, Mr. Nelson filed his CrR 7.8(b)[5] motion to vacate his judgment based on mistake, alleging that the DNA fee was a duplicate under the new

---

[4] *State v. Rupe*, 108 Wn.2d 734, 743 P.2d 210 (1987) (Defense counsel's failure to attend continuance hearing did not prejudice right to counsel).

[5] CrR 7.8(b): "On motion and upon such terms as are just, the court may relieve a party from a final judgment, order, or proceeding for the following reasons: (1) Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order."

statute. He requested a show-cause hearing under CrR 7.8(c)(3). Even though

technically, the DNA fee was not a mistake under CrR 7.8(b)(1), it was subject to

correction by the trial court under CrR 7.8(b)(4) as a void provision.

A motion to vacate a void judgment must be filed "'within a reasonable time.'"

CrR 7.8(b); *State v. Olivera-Avila*, 89 Wn. App. 313, 319, 949 P.2d 824 (1997). The trial

court did not transfer the motion as a personal restraint petition under CrR 7.8(c)(2)

where (1) the original J&S supported the motion where it documented numerous other

convictions that had previously required DNA collection, and (2) the one year time bar

under RCW 10.73.090 did not apply because of the 2018 LFO amendments which

constituted a significant, intervening change in the law.[6] RCW 10.73.100(6); *In re Pers.*

*Restraint of Crabtree*, 141 Wn.2d 577, 9 P.3d 814 (2000). One of the tests for

determining whether a new law represents a significant, material change is applied by

asking if the defendant could have argued the same issue before the new law was

decided. *In re Pers. Restraint of Holmes*, 121 Wn.2d 327, 332, 849 P.2d 1221 (1993).

Mr. Nelson could not have, so the trial court properly resolved his CrR 7.8 motion.

Instead of a hearing, the State presented an order agreeing to strike the DNA fee,

and the court entered an order. Nothing was disputed, so no hearing was required.

---

[6] *State v. Blazina* does not constitute a significant change in the law exempt from the one year time bar. *In re Pers. Restraint of Flippo*, 187 Wn.2d 106, 111, 385 P.3d 128 (2016).

Where the motion had merit, the court could have appointed counsel. However, since the motion was both ministerial to remove a void provision and not opposed, Mr. Nelson was likely not denied the assistance of counsel. *State v. Heddrick*, 166 Wn.2d 898 (presentation of agreed withdrawal of competency challenge did not constitute a denial of assistance of counsel even where competency hearing is a critical state of litigation). Alternatively, even if Mr. Nelson was improperly denied counsel, it is harmless where his motion was granted in its entirety, and the outcome would not change on remand. *State v. Robinson*, 153 Wn.2d at 699-700.

RIGHT TO BE PRESENT

"[T]he due process right to be present is not absolute." *State v. Irby*, 170 Wn.2d 874, 881, 246 P.3d 796 (2011). "'[T]he presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence.'" *Id.* *(quoting Snyder v. Massachusetts*, 291 U.S. 97, 107-08, 54 S. Ct. 330, L. Ed. 674 (1934)). Under this standard, a defendant has the right to be present at a proceeding only when there is a "'reasonably substantial'" relationship between his/her presence and the "'opportunity to defend'" against a charge. *Id.* Conversely, a defendant does not have the right to be present if his/her presence "'would be useless, or the benefit but a shadow.'" *Id.* A defendant has no right to be present at proceedings involving legal or "ministerial" matters. *State v. Ramos*, 171 Wn.2d 46, 48, 246 P.3d 811 (2011). The

8

defendant's presence is not required at in-chambers or bench conferences (as long as they do not involve the resolution of disputed facts). *Lord*, 123 Wn.2d at 306.

Notably, Mr. Nelson acknowledges *Rowley*, which involves an identical circumstance to the matter here. In *Rowley*, the defendant argued that he had the right to be present during entry of an agreed order removing discretionary LFOs from the J&S pursuant to a Court of Appeals remand, however, the Court of Appeals denied his personal restraint petition finding that he did not have the right to be present where the trial court did not "exercise its independent judgment to review and reconsider" the LFOs. *In re Pers. Restraint of Rowley*, No. 53702-8-II (Wash. Ct. App. Feb. 25, 2020) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2053702-8-II%20Unpublished %20Opinion.pdf (citing *State v. Barberio*, 121 Wn.2d 48, 51, 846 P.2d 519 (1993)) (Supreme Court refused to revisit the issue of an exceptional sentence imposed by the trial court on remand from the Court of Appeals where the trial court only made corrective changes to the J&S but did not exercise discretion to reconsider the sentence affirmed by the Court of Appeals).

Where the removal of the void provision was merely ministerial, and even clerical, with no discretionary potential for a different result, Mr. Nelson did not have a right to be present, especially where the State did not oppose the motion and an agreed order was presented (likely off docket). Since the purpose of a CrR 7.8(c)(3) show cause hearing is

to allow the adverse party (here the State) to oppose the requested relief, any hearing

setting would have been moot and Mr. Nelson's presence unnecessary.

2. DID THE TRIAL COURT ERR BY FAILING TO WAIVE INTEREST ON MR. NELSON'S NON-RESTITUTION LEGAL FINANCIAL OBLIGATIONS (LFOS)?

On appeal, Mr. Nelson challenges the imposition of interest on his non-restitution

LFOs. This issue was not raised with the trial court or in Mr. Nelson's first appeal.

However, this court may consider it pursuant to RAP 2.5. Mr. Nelson argues that the

interest provision must be struck. He is correct in light of *State v. Ramirez*, 191 Wn.2d at

747; RCW 10.82.090(1), (2)(a). The State does not respond to this issue.[7]

Former RCW 10.82.090(1) required that interest accrues on all LFOs imposed in

the judgment and sentence. Former RCW 10.82.090(2)(c) allowed the trial court to

reduce or waive interest on non-restitution LFOs if the offender "has personally made a

good faith effort to pay" and "the interest accrual is causing a significant hardship."

Former RCW 10.82.090(2)(a) also required the trial court to waive interest on non-

restitution LFOs that accrued during the term of total confinement upon a showing of

hardship.

---

[7] "[I]f a party does not provide a citation to support an asserted proposition, the court may 'assume that counsel, after diligent search, has found [no supporting authority]." *State v. Arredondo*, 188 Wn.2d 244, 262, 394 P.3d 348 (2017) (alteration in original).

In 2018, the legislature amended RCW 10.82.090(2)(a) to provide that the trial

court shall waive non-restitution interest that had accrued before June 7, 2018. LAWS OF

2018, ch. 269, § 1. In addition, RCW 10.82.090(1) now provides that no interest will

accrue on non-restitution LFOs after June 7, 2018. *Id.* Due to the prospective application

of the amended LFO statute as noted above, all interest on Mr. Nelson's non-restitution

LFO obligations must be waived. It is uncontested that Mr. Nelson was indigent, and

restitution was not ordered. The interest provision should be struck.

We affirm entry of the order correcting Mr. Nelson's judgment to remove the

DNA fee. We remand to correct the judgment and sentence and strike interest on non-

restitution legal financial obligations, noting that Mr. Nelson does not have a right to be

present and does not have a right to an attorney when the court corrects the judgment and

sentence.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Staab, J.

WE CONCUR:

_____          _____
Fearing, J.                                                        Pennell, C.J.

11