**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| In the Matter of the Personal Restraint of<br><br>CRAIG DONALD OLSON,<br><br>        Petitioner. | No. 55850-5-II<br><br>UNPUBLISHED OPINION |

GLASGOW, A.C.J.—Craig Donald Olson seeks relief from personal restraint imposed following his 2005 plea of guilty to one count of attempted second degree rape of a child and two counts of possession of depictions of a minor engaged in sexually explicit conduct, crimes that were committed in part via use of the Internet. The trial court initially imposed a special sex offender sentencing alternative (SSOSA) sentence but revoked the SSOSA sentence in 2010. In the 2010 amended judgment and sentence, the trial court imposed an indeterminate sentence of confinement for 93.75 months to life and community custody for 36 to 48 months to life. The trial court also imposed conditions including, "[N]o use of Internet for any reason" and "[d]o not access the Internet or make use of any computer modem." Am. J. & Sentence at 5, § 4.4 & App. H(b)(10). Olson now seeks modification of those conditions.

RCW 10.73.090(1) provides that no petition for a collateral attack in a criminal case "may be filed more than one year" after the final judgment, so long as the judgment and sentence is facially valid. Whether a judgment and sentence is facially valid "depends on whether the court exceeded its substantive authority." *In re Pers. Restraint of Flippo*, 187 Wn.2d 106, 110, 385 P.3d 128 (2016).

Olson's amended judgment and sentence became final in March 2012, when we issued the mandate of the direct appeal of his SSOSA revocation. RCW 10.73.090(3)(b). He did not file his

petition until October 2020, more than one year later.[1] Unless he shows that one of the exceptions in RCW 10.73.100 applies or that his judgment and sentence is facially invalid, his petition is time barred. *In re Pers. Restraint of Hemenway*, 147 Wn.2d 529, 531-32, 55 P.3d 615 (2002). Facial invalidity requires more than a technical mistake that has no actual effect on the petitioner's rights. *In re Pers. Restraint of Toledo-Sotelo*, 176 Wn.2d 759, 767, 297 P.3d 51 (2013).

Olson does not argue that any of the exceptions in RCW 10.73.100 apply. The question remains whether the blanket prohibition on Internet use renders his amended judgment and sentence facially invalid. A sentence can restrict a convicted defendant's access to the Internet so long as the restriction is crime related, but the restriction must be "narrowly tailored to the dangers posed by the specific defendant." *State v. Johnson*, 197 Wn.2d 740, 744-45, 487 P.3d 893 (2021); *State v. O'Cain*, 144 Wn. App. 772, 775, 184 P.3d 1262 (2008).

The State contends that because Olson committed his crimes in part via the Internet, the prohibition on Internet use is a facially valid crime-related condition. It relies primarily on *State v. Riley*, 121 Wn.2d 22, 37, 846 P.2d 1365 (1993), which upheld a condition prohibiting Riley, who had been convicted of computer trespass, from possessing any computers. However, the ubiquity of Internet use in daily life in 2021 renders *Riley* of little use in addressing restrictions on Internet use.

Recently, in *Johnson* the Washington Supreme Court suggested that a blanket prohibition on Internet use would be a facially invalid condition. The court noted that restrictions on Internet use have due process and First Amendment implications. 197 Wn.2d at 744-45 (citing *Packingham v. North Carolina*, ___ U.S. ___, 137 S. Ct. 1730, 1735, 198 L. Ed. 2d 273 (2017)). The court

---

[1] Olson filed a motion in the trial court "to get his Internet privileges reinstated." Mot. at 1. That court transferred his motion to us under CrR 7.8(c) to be considered as a personal restraint petition, but not until February 11, 2021.

upheld the trial court's condition that "Johnson shall 'not use or access the World Wide Web unless specifically authorized by [his community custody officer] through approved filters' as a condition of community custody." *Id.* at 744 (alteration in original). The court explained that although a blanket ban on Internet use "might well reduce his ability to improve himself" and therefore be unconstitutionally overbroad, "a properly chosen filter should not." *Id*. at 746.

Based on this observation, the State suggests that a proper remedy would be to remand the condition on Internet use to the trial court to modify the condition to include filters, as approved in *Johnson*. We agree with the State's suggestion. We conclude that Olson's amended judgment and sentence is facially invalid because it imposes an overbroad blanket ban on use of the Internet. *See Flippo*, 187 Wn.2d 110; *In re Pers. Restraint of Snively*, 180 Wn.2d 28, 32, 320 P.3d 1107 (2014). Thus, Olson's petition is not time barred. We grant Olson's petition and remand the condition on Internet use to the trial court for modification as addressed above.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record under RCW 2.06.040, it is so ordered.

_Glasgow, ACJ_
Glasgow, A.C.J.

We concur:

_Cruser, J._
Cruser, J.

_Veljacic, J._
Veljacic, J.