# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of:<br><br>ALEXIS BUSTILLOS-OSUNA,<br><br>                    Petitioner. | No. 58246-5-II<br><br>UNPUBLISHED OPINION |

LEE, J. — In this personal restraint petition (PRP), Alexis Bustillos-Osuna seeks relief from restraint following his guilty plea to one count of first degree child molestation, four counts of first degree possessing depictions of minors engaged in sexually explicit conduct, and one count of second degree dealing in depictions of minors engaged in sexually explicit conduct. Bustillos-Osuna challenges the length of the term of community custody imposed on some of the charges and several of his community custody conditions.

Because community custody terms imposed on the challenged convictions exceed the statutory maximum for the offenses, the superior court exceeded its authority and the judgment and sentence is facially invalid. Further, some of the challenged community custody conditions are unconstitutional and also facially invalid. The challenges to the remaining community custody conditions are time barred. Accordingly, Bustillos-Osuna's petition is dismissed in part and granted in part, and we remand to the superior court to modify the judgment and sentence consistent with this opinion.

FACTS

On March 16, 2021, Bustillos-Osuna pleaded guilty to one count of first degree child molestation (count I), four counts of first degree possession of depictions of minors engaged in sexually explicit conduct (counts II-V), and one count of second degree dealing in depictions of minors engaged in sexually explicit conduct (count VI).

On count I, the superior court imposed a sentence of 149 months to life and lifetime community custody. On counts II-V, the superior court imposed 102 months of confinement; and on count VI, the superior court imposed 96 months of confinement. The superior court also imposed 36 months of community custody on counts II-VI. Further, the superior court imposed the following community custody conditions:

4. You shall pay monetary obligations as set forth in the Judgment and Sentence to include [Department of Corrections (DOC)] Cost of Supervision (COS).

5. You shall not contact or communicate with: Any minors under the age of 16 years old, unless previously authorized by [Community Custody Officer (CCO)] and [Sex Offender Treatment Provider (SOTP)] therapist and accompanied/supervised by an approved adult chaperone (to be approved by DOC and/or SOTP therapist).

. . . .

16. You shall not enter into a relationship with a person who has minor children under age 16, except as previously authorized by CCO and/or SOTP therapist.

. . . .

18. All internet access must be monitored with software provided at your own expense. SOTP Therapist and/or CCO will have access to all monitoring reports and passwords to programs.

. . . .

20. You shall avoid places where children under 16 years old congregate to include, but not limited to: parks, libraries, playgrounds, schools, school yards, daycare centers, skating rinks, and video arcades.

. . . .

23. Must consent to allow home visits by DOC to monitor compliance with supervision. Home visits include access for the purpose of visual inspection of all areas of residence in which the offender lives or has exclusive/joint control/access.

PRP, Attach. at 16-17.

Bustillos-Osuna's judgment and sentence was entered on April 19, 2021. Bustillos-Osuna filed this PRP on May 24, 2023.

ANALYSIS

Bustillos-Osuna challenges the terms of community custody imposed on counts II-VI, arguing that the superior court exceeded its authority by imposing terms of community custody that exceeded the statutory maximum term for the offenses. Bustillos-Osuna also challenges several of his community custody conditions.

A.    LEGAL PRINCIPLES

To obtain relief in a personal restraint petition, a petitioner must demonstrate either a constitutional error resulting in actual and substantial prejudice or a nonconstitutional error that is a fundamental defect resulting in a complete miscarriage of justice. *In re Pers. Restraint of Swagerty*, 186 Wn.2d 801, 807, 383 P.3d 454 (2016). To meet their burden in a personal restraint petition, the petitioner must state with particularity facts that, if proven, would entitle the petitioner to relief. *In re Pers. Restraint of Rice*, 118 Wn.2d 876, 886, 828 P.2d 1086 (1992), *cert. denied*, 506 U.S. 958 (1992). Bald assertions and conclusory allegations are not sufficient. *Id.* Arguments made only in broad, general terms are also insufficient. *In re Pers. Restraint of Rhem*, 188 Wn.2d 321, 327, 394 P.3d 367 (2017).

RCW 10.73.090(1) requires that a petition be filed within one year of the date that the petitioner's judgment and sentence becomes final. Bustillos-Osuna's judgment and sentence became final on April 19, 2021, when it was entered. RCW 10.73.090(3)(a). Bustillos-Osuna did not file this petition until 2023, well over one year later. Thus, Bustillos-Osuna's petition is time barred unless he shows that his judgment and sentence is facially invalid or was not rendered by a court of competent jurisdiction. RCW 10.73.090(1).

A judgment and sentence is facially invalid if "the judgment and sentence evidences the invalidity without further elaboration." *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 866, 50 P.3d 618 (2002). A judgment and sentence is also facially invalid when the court exceeds its substantive authority by actually exercising power it did not have. *In re Pers. Restraint of Flippo*, 187 Wn.2d 106, 110, 385 P.3d 128 (2016). "For a judgment to exceed the court's statutory authority, we require more than an error that 'invite[s] the court to exceed its authority'; the sentencing court must actually pass down a sentence not authorized under the [Sentencing Reform Act of 1981, chapter 9.9A RCW]." *In re Pers. Restraint of Toledo-Sotelo*, 176 Wn.2d 759, 767, 297 P.3d 51 (2013) (first alteration in original) (quoting *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 136, 267 P.3d 324 (2011)).

B.    TERM OF COMMUNITY CUSTODY

Bustillos-Osuna argues that the superior court exceeded its authority by imposing a term of community custody on counts II-VI that, combined with his term of confinement, exceeded the statutory maximum term for the offenses. The State concedes that the 36 month term of community custody imposed on counts II-VI combined with the term of confinement exceeds the statutory maximum for the offenses. We accept the State's concession.

RCW 9.94A.701(10) provides, "The term of community custody specified by this section shall be reduced by the court whenever an offender's standard range term of confinement in combination with the term of community custody exceeds the statutory maximum for the crime as provided in RCW 9A.20.021." Second degree possessing depictions of minors engaged in sexually explicit conduct (counts II – V) and second degree dealing in depictions of minors engaged in sexually explicit conduct (count VI) are class B felonies. RCW 9.68A.050(2)(b), .070(2)(b). The statutory maximum for class B felonies is ten years. RCW 9A.20.021(1)(b).

Here, the superior court imposed 102 months of confinement on counts II-V and 96 months of confinement on count VI. Therefore, the additional 36 months of community custody combined with the terms of confinement exceeds the statutory maximum term for class B felonies. Accordingly, the superior court exceeded its statutory authority, and Bustillos-Osuna's judgment and sentence is facially invalid.

We grant Bustillos-Osuna petition in part and remand to the superior court to reduce the terms of community custody on counts II-VI consistent with RCW 9.94A.701(10).

C.    COMMUNITY CUSTODY CONDITIONS

Bustillos-Osuna challenges multiple community custody conditions. We remand to the superior court to modify those community custody conditions we hold are facially invalid in a manner consistent with this opinion. The challenges to the remaining conditions are time barred.

First, Bustillo-Osuna challenges community custody condition 4 requiring him to pay community custody supervision fees. Bustillo-Osuna argues the superior court should not have imposed community custody supervision fees because the superior court intended to waive any discretionary legal financial obligations. However, the superior court had the authority to impose the community custody supervision fees at the time of the sentencing, and therefore, the imposition

of community custody supervision fees does not make the judgment and sentence facially invalid. Bustillo-Osuna's challenge to community custody condition 4 is time barred.

Second, Bustillo-Osuna challenges community custody condition 5 to the extent it restricts his contact with minors. Specifically, Bustillo-Osuna argues that the condition is unconstitutionally vague because it potentially allows a violation for incidental contact with minors. However, Bustillo-Osuna relies on bald assertions that community custody condition 5 is vague and conclusory allegations speculating that the condition will be enforced based on incidental contact with minors. Bald assertions and conclusory allegations are not sufficient to show that community custody condition 5 is unconstitutionally vague. Accordingly, Bustillo-Osuna fails to show that community custody condition 5 prohibiting contact with minors is facially invalid. The challenge to community custody condition 5 is time barred.

Third, Bustillo-Osuna challenges community custody condition 16, which prohibits entering into relationships with someone who has minor children. Here, the community custody condition does not specify what type of relationship is prohibited. Case law addressing "relationship" has held that the term "romantic relationship" is unconstitutionally vague, while the term "dating relationship" alleviates vagueness concerns. *State v. Peters*, 10 Wn. App. 2d 574, 590-91, 455 P.3d 141 (2019). Because community custody condition 16 does not specify the type of relationship that is prohibited, the community custody condition is unconstitutionally vague. *See id*. Therefore, community custody condition 16 is facially invalid, and we remand to the superior court to amend community custody condition 16 to prohibit dating relationships.

Fourth, Bustillos-Osuna argues that community custody condition 18 is unconstitutionally vague because "passwords to programs" does not specify which programs Bustillos-Osuna is required to provide passwords for. However, community custody condition 18 is clearly referring

to programs for monitoring internet access. Bustillos-Osuna has not shown that this community custody condition is unconstitutionally vague, and therefore, community custody condition 18 does not render the judgment and sentence facially invalid. Bustillos-Osuna's challenge to community custody condition 18 is time barred.

Fifth, Bustillos-Osuna challenges community custody condition 20, requiring Bustillos-Osuna to avoid places where children under 16 years old congregate. However, community custody condition 20 includes a non-exclusive list of places where children congregate, which puts a person on notice that they must avoid places where children may be present. *State v. Wallmuller*, 194 Wn.2d 234, 244-45, 449 P.3d 619 (2019). Such conditions are not unconstitutionally vague. *See id*. Therefore, Bustillos-Osuna has failed to show that community custody condition 20 renders the judgment and sentence facially invalid. The challenge to community custody condition 20 is time barred.

Sixth, Bustillos-Osuna argues that community custody condition 23 is unconstitutional because it does not relate to a reasonable cause to believe a probation violation has occurred. It is constitutionally acceptable for a CCO to search an individual on probation when there is reasonable cause to believe a probation violation has occurred. *State v. Cornwell*, 190 Wn.2d 296, 302, 412 P.3d 1265 (2018); RCW 9.94A.631(1). Therefore, a community custody condition that Bustillos-Osuna submit to searches that are not related to reasonable cause to believe a probation violation has occurred is facially invalid. Accordingly, we remand to the superior court to modify community custody condition 23 to allow only searches that are based on reasonable cause to believe a probation violation has occurred.

Bustillos-Osuna's petition is granted in part and dismissed in part, and we remand to the superior court to modify the judgment and sentence consistent with this opinion.

No. 58246-5-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Cruser, C.J.

Price, J.