**FILED**
**January 16, 2025**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) ) ) | No. 40541-9-III |
| CHRISTOPHER EVAN HOOPER, | ) ) ) | UNPUBLISHED OPINION |
| Petitioner. | ) | |

LAWRENCE-BERREY, C.J. — Christopher Hooper seeks relief from personal restraint, and contends his sentence must be reduced. The State concedes, and for the reasons explained, we grant Hooper's petition, remand, and direct the trial court to strike paragraph 4.1(a)(3) of Hooper's judgment and sentence before January 28, 2025.

*Facts*

In October 2021, Hooper pleaded guilty to felony failure to remain at the scene of an accident—injured person, attempt to elude a police vehicle, driving while under the influence, resisting arrest, and trip permit violation. In exchange for his plea, the State agreed to dismiss a pending felony charge of possession of a stolen motor vehicle and to recommend a prison-based drug offender sentencing alternative (DOSA) sentence.

Felony failure to remain at the scene of an accident and attempt to elude are each class C felonies, with a maximum sentence of 60 months. RCW 46.52.020(4)(b); RCW 46.61.024; RCW 9.94A.035(3). Hooper's offender score for each of his two felonies was a "9+." Because of this, Hooper's standard range sentence was 60 months.

The sentencing court agreed with the State's recommendation, and sentenced Hooper to a prison-based DOSA. This required the trial court to sentence Hooper to one-half the midpoint of the standard range to be served in prison, and one-half the midpoint to be served as a term of community custody. Thus, the court sentenced Hooper to 30 months in prison and 30 months of community custody.

Hooper's judgment and sentence also contained a boilerplate contingency provision. Paragraph 4.1(a)(3) provided:

> (3) *Additional Term of Community Custody.* If the defendant fails to complete, or is administratively terminated from, the drug offender sentencing alternative program, the court imposes a term of 12 months community custody under RCW 9.94A.701 unless community custody is not authorized for the crime.

Pers. Restraint Pet., Judgment and Sentence at 6.

By March 17, 2023, Hooper had served 30 months in prison and was released to serve the community custody portion of his DOSA sentence. Soon after, Hooper violated conditions of the DOSA program and was sanctioned. He also failed to report to his community custody officer and, in June 2023, absconded from supervision. One month later, the DOC held a swift and certain hearing to address Hooper's violations. It found

2

Hooper guilty of four violations and, as a result, revoked Hooper's DOSA and returned him to prison, where he is currently.

On July 8, 2024, Hooper filed the instant personal restraint petition. The State notes Hooper's earned release date is January 28, 2025.

*Analysis*

Hooper contends he is under unlawful restraint in that his judgment and sentence is facially invalid because it imposes a sentence in excess of the statutory maximum, 60 months. We agree.

Collateral relief from a conviction is an extraordinary remedy that seeks to disturb a final judgment; therefore, a personal restraint petitioner must meet a high standard to obtain relief. *In re Pers. Restraint of Kennedy*, 200 Wn.2d 1, 12, 513 P.3d 769 (2022). To prevail on a personal restraint petition, a petitioner must show they are under restraint and that the restraint is unlawful. RAP 16.4(a).

A personal restraint petitioner may obtain relief on a claim of nonconstitutional error if the petitioner demonstrates that the error constitutes a fundamental defect that inherently results in a complete miscarriage of justice. *In re Pers. Restraint of Carrier*, 173 Wn.2d 791, 818, 272 P.3d 209 (2012). The imposition of an unlawful sentence is a fundamental defect inherently resulting in a complete miscarriage of justice that will warrant collateral relief. *Id.*

3

Generally, petitioners must file the personal restraint petition within one year of their judgment and sentence becoming final. Hooper failed to do this. Hooper argues his judgment and sentence is facially invalid, which is one of the exceptions to the one-year time bar. RCW 10.73.100.

A judgment is facially "invalid" if the trial court exercised power that it did not have, most typically by imposing a sentence not authorized by law. *In re Pers. Restraint of Flippo*, 187 Wn.2d 106, 110, 385 P.3d 128 (2016). Relevant here, a sentence is facially invalid if it exceeds the duration allowed by statute. *In re Pers. Restraint of McWilliams*, 182 Wn.2d 213, 215 n.2, 340 P.3d 223 (2014).

Here, Hooper is serving the remainder of his 60-month sentence in prison. Revocation of his DOSA sentence also triggered paragraph 4.1(a)(3) of his judgment and sentence, which added 12 months of community supervision to his 60-month term. This causes Hooper's sentence to exceed the 60-month maximum for a class C felony. We conclude that Hooper's petition is timely because he has established that his judgment and sentence is facially invalid. We further conclude that Hooper is entitled to collateral relief because imposition of the unlawful sentence would result in a complete miscarriage of justice.

We next discuss the appropriate remedy. RCW 9.94A.701(10) requires a sentencing court to reduce the term of community custody to the extent it causes the

sentence to exceed the statutory maximum. We remand with directions for the sentencing court, promptly and before Hooper's early release date, to strike paragraph 4.1(a)(3) of the judgment and sentence.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, C.J.

WE CONCUR:

_____
Staab, J.

_____
Cooney, J.